CHARLES SPRING *vs.* WILLIAM P. BAKER.[*]

If citizens of the United States build a vessel in Nova Scotia for themselves, and without consideration execute a builder's certificate to a citizen of Nova Scotia, stating that he is her first purchaser, and he thereupon causes her to be registered there in his name, but never takes possession of her, and afterwards at their request executes a mortgage upon her, with power of sale, to secure advances made to them, and writes upon the mortgage a statement that when she is sold he shall have no claim for any surplus nor be liable for any deficiency, in case she brings more or less than the sum for which she is mortgaged, he retains no attachable interest in her, as mortgagor or otherwise.

REPLEVIN of the brig Afton. At the trial in the superior court, judgment was rendered for the defendant, upon agreed facts which are sufficiently stated in the opinion; and the plaintiff appealed to this court.

*L. Child & L. M. Child,* for the plaintiff, cited Drake on Attachment, §§ 220, 237, 238, 243; 1 Parsons Mar. Law, 57, 74; 1 Greenl. Ev. § 494 ; *Bixby* v. *Franklin Ins. Co.* 8 Pick. 86 ; *Lanfear* v. *Sumner,* 17 Mass. 110; *Colson* v. *Bonzey,* 6 Greenl. 474; *Tinkler* v. *Walpole,* 14 East, 226; *Flower* v. *Young,* 3 Camp. 240.

*H. C. Hutchins,* for the defendant. The plaintiff had no interest in the vessel except as mortgagee, and, as he made no demand of payment upon his mortgage before suit, he cannot hold her as against the defendant. Rev. Sts. *c.* 90, §§ 78, 79. There is no difference in this respect between a vessel and any other personal property. *Esson* v. *Tarbell,* 9 Cush. 407. The fact that she was built and paid for by others is immaterial. Morrison had the legal title, and she was registered in his name.

[*] This case was argued in November 1863.

The plaintiff's title comes from him; and the plaintiff cannot therefore set up that he had no attachable interest.

MERRICK, J. The defendant on the 6th day of June 1859, being a deputy sheriff in the county of Suffolk, attached the brig Afton, ther. lying at a wharf in Boston, on a writ against John W. Morrison, as his property. And assuming that the plaintiff has no interest in or title to the vessel except that which he acquired under a subsisting mortgage to him from the said Morrison, he thereupon contends that, as no demand of payment was made and no account stated to him of what was justly due on the mortgage before the commencement of this suit, according to the requirements of the statute, this action cannot be maintained. But this assumption is not sustained by the facts to which the parties have agreed.

From their statement, it appears that the Afton was built in the year 1856 at Charlottetown, Prince Edward's Island, by J. A. & S. A. Fowle, and was owned by them; that they were then citizens of the United States, and, wishing to employ the brig in navigation between this country and Nova Scotia, they applied to Morrison, who resided at Charlottetown, and was a citizen of Nova Scotia, to take a builder's certificate of ownership from them, and to cause the brig to be duly registered in the custom-house in his name, but solely to their use and benefit; that he acceded to their request, and the registration was accordingly effected in that manner. To secure the brig to the Messrs. Fowle, he immediately executed a mortgage of her to them. He never exercised nor assumed to exercise any control over the vessel, which was left in their exclusive possession; and they from that time employed her on their own account in the freighting business between Prince Edward's Island and Boston. Afterwards, in July 1858, they wished to obtain a loan on the security of the brig, and, on application therefor to the plaintiff, he consented to furnish it; and it was agreed that a power of sale mortgage should be made to him, and that he should have possession under it, and have the right to take the freight money if he saw fit to avail himself of it. J. A. Fowle explained to him that the mortgage would have to be made by

Morrison, in whose name the title stood, because that was requi-
site according to the British revenue laws.  A mortgage was
then drawn up in Boston, where the brig was lying, and taken
to Charlottetown to be executed by Morrison.   He there exe-
cuted the mortgage, and at the same time made and indorsed
upon it in writing an agreement that " if the brig is sold, and
she shall sell for more than  £800  sterling, said Morrison shall
make no claim on said Spring for the surplus ; and if she shall
sell for less than the  £800, (which was the sum for which she
was mortgaged,) said Spring shall make no claim on said Mor-
rison for the deficiency."   The mortgage so prepared, indorsed
and executed was delivered to the plaintiff.   It evidently was
intended to be and was in fact a release and discharge by Mor-
rison of all his title and claim to the vessel ; and after that time,
and until she was attached by the defendant, he never set up
any claim, and no one treated him as having any, to the brig.
About the time when the mortgage deed was delivered to Spring,
he went on board the brig with Fowle.   In the conversation
which they then had, Fowle said the power of sale mortgage
conveyed to him absolutely all the title which the Messrs. Fowle
had to the brig; and he considered that he then made a full de-
livery of her to the plaintiff, to which the latter assented.   Under
these circumstances of a loan and an advance upon the vessel
made directly to them, and the taking of formal possession of
her as security, the vessel must be considered as having been
pledged by them as security for the payment to the plaintiff of
the amount which he advanced upon her.   After he had thus
taken possession, he again went on board of her, and told Capt.
Atwater, the master, what had taken place, and informed him
that he had taken possession of the brig, and that she would
thenceforward be run on his account; but that, until further
directions given, the reports of her voyages and earnings might
be made to the Messrs. Fowle.   She continued to be run under
this arrangement and direction until the attachment was made
by the defendant.

It is therefore apparent that Morrison, never having had more
than a mere nominal right to the brig, or at most only an interest

in trust for the Messrs. Fowle, relinquished at their request all his claim to her by his mortgage and the indorsement upon it to the plaintiff. By taking possession of the brig under a delivery from the Messrs. Fowle as security for a loan made directly to them, the plaintiff became a pledgee of the vessel, deriving his title thereto from them. Morrison no longer retained any interest of which he or any of his creditors could avail themselves. What were the rights or liabilities of any of the parties in respect to penalties or forfeitures to the government, or what could have been done with the brig, in consequence of her registration continuing to stand in the custom-house in Prince Edward's Island in the name of Morrison, need not now be considered. The question here to be determined is, whether Morrison is to be regarded as standing in the relation of mortgagor to the plaintiff, so that the action of replevin cannot be maintained without a previous statement to the defendant of the amount due from Morrison on the mortgage. As no debt is or ever was justly due from him to the plaintiff, and as he authorized the brig to be absolutely disposed of without any accountability to him, there could be no necessity or occasion for making a statement, in compliance with the provisions of •the statute, of the amount due to the plaintiff, for security for the payment of which the vessel stood pledged to him.

*Judgment must therefore be entered for the plaintiff.*